UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE YOUNG,<br>　　　　Plaintiff,<br>　　v.<br>WILLIAM B. KNIPP,<br>　　　　Defendant. | Case No. 14-cv-02092-JST (PR)<br><br>**AMENDED ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff Jerry Wayne Young is a prisoner of the State of California who is incarcerated at Mule Creek State Prison. He has filed a pro se petition for a writ of mandamus. He has also filed an application for in forma pauperis ("IFP") status.[1]

Plaintiff claims he is being falsely imprisoned. He seeks an order compelling the state to provide him with a free transcript of his state criminal proceedings. He represents that the transcripts are in the possession of the San Diego Superior Court.

# DISCUSSION

**I.  Legal Standard**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

---

[1] The Court previously issued an order dismissing this action and denying plaintiff's IFP application. This Amended Order deletes the language denying plaintiff's IFP application. Plaintiff is granted leave to proceed IFP in a separate order.

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

## II.   Writ of Mandamus

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

However, this Court has no authority to take the actions requested by plaintiff by way of a writ of mandamus. Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See <u>Demos v. U.S. District Court</u>, 925 F.2d 1160, 1161-62 (9th Cir.), <u>cert. denied</u>, 111 S. Ct. 1082 (1991); <u>see also</u> <u>In re Campbell</u>, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation). Plaintiff's mandamus remedy, if any, lies in state court.

## CONCLUSION

Accordingly, the action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court certifies that any appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Clerk of the Court shall issue judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 10, 2014

_____
JON S. TIGAR
United States District Judge